**UNITED STATES v. GELBERT.**
**No. 51 C 989.**

United States District Court,
N. D. Illinois, E. D.
June 4, 1954.

Robert Tieken, U. S. Atty., for Northern Dist. of Ill., Chicago, Ill., for petitioner.

John E. Molony, Chicago, Ill., for respondent.

CAMPBELL, District Judge.

This petition is brought by the United States pursuant to Section 338 of the Nationality Act of 1940, formerly published as 8 U.S.C.A. § 738. That Section was repealed by the Immigration and Nationality Act of 1952, but these proceedings are expressly preserved by Section 405(a), the Saving Clause of the Act of 1952, 8 U.S.C.A. § 1101 note; and the new Act contains provisions substantially similar to former Section 338. See 8 U.S.C.A. § 1451.

The respondent, John Gelbert, was naturalized in this court on March 4, 1936. The United States charges that he procured his certificate of naturalization fraudulently, in that he made various false representations in the course of the naturalization proceedings. The United States asks that the order admitting respondent to citizenship be revoked, and that the certificate of naturalization issued pursuant to said order be cancelled.

It has long been clear, at least since Johannessen v. United States, 1912, 225 U.S. 227, 32 S.Ct. 613, 617, 56 L.Ed. 1066, that Congress might lawfully provide for the denaturalization of any person who has procured a certificate of citizenship by means of fraud. The language of the Johannessen opinion leaves no room for doubt:

> "An alien has no moral nor constitutional right to retain the privileges of citizenship if, by false evidence or the like, an imposition has been practised upon the court, without which the certificate of citizenship could not and would not have been issued."

The cases decided since Johannessen have not tempered that language. In Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Baumgartner v. United States, 1944, 322 U.S. 665, 64 S.Ct. 1240, 88 L. Ed. 1525, and Knauer v. United States, 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L. Ed. 1500, the Court re-affirmed the Congressional power to disfranchise; at the same time, however, the Court erected a procedural safeguard for the protection of any naturalized citizen who might be touched by that power. That safeguard is found in the requirement that the Government must prove by "clear, unequivocal, and convincing" evidence that the naturalized citizen obtained his certificate illegally. This is a burden of proof unique in civil litigation, and it sets to rest the mistaken notion that these denaturalization trials are on a plane with other civil suits. As Mr. Justice Douglas commented in the Knauer opinion, these trials "involve tremendously high stakes for the individual. For denaturalization, like deportation, may result in the loss 'of all

that makes life worth living.' " 328 U. S. at page 659, 66 S.Ct. at page 1307.

With that strict standard of proof as a guide, the court turns to the facts adduced at this respondent's trial. The respondent is a native of Germany. He entered the United States on August 6, 1930, at New York, and now resides within this district. On November 13, 1935, he filed a petition for naturalization in this court; the petition was numbered 139137. In the course of his naturalization proceeding, he alleged under oath, among other things, that he had been lawfully admitted to the United States for permanent residence at New York on August 6, 1930; that he had never been arrested or charged with the violation of any law; and that he had no children. He was in fact convicted at Berlin, Germany in 1920 for attempted homicide, and at Hamburg, Germany in 1929 for possession of false identification papers, and he had one child, a daughter, who was born in Germany about 1925. The respondent was admitted to citizenship in this court on March 4, 1936, and was issued Certificate of Naturalization numbered 4042751. These facts shall stand as Findings of Facts within the meaning of Federal Rule 52(a), 28 U.S.C.A.

■ The one remaining issue of fact relates to the respondent's state of mind: did he intend to deceive this court when he made the two admittedly false statements? A finding of "objective falsity" does not resolve the issue Baumgartner v. United States, supra. In the words of the Knauer opinion, "Intent is a subjective state, illusory and difficult to establish in absence of voluntary confession. What may appear objectively to be false may still fall short of establishing an intentional misrepresentation * * *." The court is aware that Baumgartner and Knauer each dealt with proof of the falsity of an oath of allegiance, a much more elusive topic than the one presented in this case. Here, admittedly false statements of fact were made. However, it is the opinion of this court that Baumgartner

and Knauer prescribe that something more than "objective falsity" be shown in a case of this type; those cases demand proof that the naturalized citizen knew that his statements were false, and intended that the falsehoods should deceive the court.

■ This respondent stated under oath during his naturalization proceeding that he had never been arrested or charged with any crime. He had in fact been arrested twice before. Some years after he was naturalized, he was asked why he had lied about his criminal record; he answered, again under oath: "Trusting that nothing was in evidence against me, I hoped to forget the past and make my statements to the U. S. Naturalization Examiner the way I did." (Tr., 27) Indeed, if the respondent's testimony is viewed cumulatively, that statement sums up his attitude quite well: He simply wanted to "forget the past." He knew that if his criminal record were divulged, his application for citizenship might be denied. This court finds, as it must, that the respondent intended to deceive the court when he applied for and received his certificate of citizenship.

Measured against the strictest standard of proof ever prescribed for any denaturalization trial, the Government's case against this respondent is complete and convincing. Indeed, the respondent's own testimony, viewed most favorably to him, in no way detracts from the findings of fact entered today. That testimony consists, for the most part, of a rambling, sometimes incredible story of far-flung adventure. It includes fanciful experience in Japan, in Buenos Aires, even in the depths of the Amazon. If the findings of fact were dependent upon the respondent's credibility alone, he should be disfranchised without delay.

As a final comment upon the respondent's credibility, the court notes that the respondent feigned illness at the trial, and complained of a severe cardiac condition. As a result, Government counsel

was unable to proceed with thorough and vigorous cross-examination. After trial, the court suggested, and counsel for the Government and respondent agreed, that respondent should be examined by the medical staff of the Regional Office of the Veterans Administration in Chicago. After a comprehensive medical examination, three competent cardiologists appointed by that Office concluded that the respondent does not suffer from any heart disease of any type. This incident leaves no doubt, at least in the mind of the court, that the respondent is a hopeless impostor.

The uncontraverted facts traced on this record dictate that the Government's petition be granted. This is a tragic conclusion, one that I hoped I would never have to reach. These are times when denaturalization is a mere prelude to deportation; and, in my opinion, the deportation of this respondent would amount to a needless cruelty. He is an elderly man who has lived among us for almost two decades. He has no friends or relatives, no source of income in his native land. He committed no crime against person or property during his stay in this country. True, he is a charlatan, a chronic liar; but this Nation is strong enough to withstand the influence of one more charlatan within its borders. I recognize that I am without power to erase the Executive's right to banish this man, and I seek no such power. I merely recommend the exercise of charity in this respondent's case.

The court appointed John E. Molony, Esq., a member of the Chicago Bar, to serve as counsel for respondent during these proceedings. Mr. Molony contributed considerable time and talent at the trial, and submitted an able brief after the trial. The court thanks Mr. Molony for his valuable services.

In accordance with the facts found herein, it is hereby Ordered, Adjudged, and Decreed that the order entered by this court on March 4, 1936 admitting the respondent to citizenship be and is hereby revoked, and that the certificate of citizenship issued pursuant to said order be and is hereby cancelled.

The respondent is hereby ordered to surrender said certificate of citizenship to the Clerk of this court within 10 days hereof.